IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RULFORD GARFIELD ALDRIDGE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-608 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

# ORDER

Petitioner Rulford Garfield Aldridge has filed an "Unopposed Motion for Supplemental Funding for Expert Psychological Assistance." (Docket Entry No. 53). This Court has already approved expert funding in this case to the amount of $7,500. (Docket Entry No. 38). Having completed his expert testing, Aldridge now asks for an additional $3,500 to compensate his expert.

While Aldridge's motion is well taken and nothing indicates that the expert assistance does not merit compensation at the full requested amount, this Court lacks independent authority to approve any expert funding above $7,500. The statutory provision governing the appointment of expert assistance in capital cases, formerly found at 21 U.S.C. § 848(q)(9), provides as follows:

> Fees and expenses paid for investigative, expert, and other reasonably necessary services authorized [in capital habeas cases] shall not exceed $7,500 in any case, *unless payment in excess of that limit is certified by the court*, or by the United States magistrate judge, if the services were rendered in connection with the case disposed of entirely before such magistrate judge, as necessary to provide fair compensation for services of an unusual character or

duration, *and the amount of the excess payment is approved by the chief judge of the circuit.* The chief judge of the circuit may delegate such approval authority to an active circuit judge.

18 U.S.C.A. § 3599 (emphasis added). Pursuant to statute, this Court preliminarily approves payment in excess of the presumptive $7,500 cap. Aldridge, however, must now seek approval for the funds by the Chief Judge of the Fifth Circuit Court of Appeals through the procedures established by that court. Accordingly, this Court **GRANTS** Aldridge's motion insofar as the Court certifies that payment above the statutory limit is justified, but Aldridge must receive approval from the Chief Judge of the Fifth Circuit to receive disbursement of the funds.

Signed at Houston, Texas on November 13, 2006.

_____
Gray H. Miller
United States District Judge